May it please the court, my name is Wayne Young and I represent the defendant Nunez-Villegas. The order the court issued asks us to address whether the Sixth Amendment is violated by the submission to the jury of an indictment containing prejudicial information that contains allegations unsupported by evidence. Let me ask you something first. My understanding of your problem here is that you had a stipulation, but if you didn't have a stipulation, this would be admissible, right? That's correct. So how could there be a Sixth Amendment problem? In other words, the problem isn't that this was inadmissible or prejudicial or unfairly prejudicial. The problem is only whether it violated the stipulation. Is that right? Having stipulated to it, whether it's inadmissible or it's inadmissible by way of stipulation, it's now inadmissible. Yes, but that has something to do with whether there would be a constitutional violation in admitting it. No, I think the constitutional violation goes to extrinsic or extraneous evidence being submitted to the jury. Regardless of how it got there, the Jeffries case seems to make clear that whether it's a constitutional violation is a function largely of the information. And then my second question is, was there really a stipulation not to admit it? There was a stipulation as to the fact that there was a conviction, but where was the stipulation that said, and there would be nothing else admitted? I think that's inherent in the stipulation. If you stipulate that you're going to admit the prior, but not the nature of the prior, then you've stipulated that the nature of it's not coming in. But then at the end, as I understand it, the indictment was presented to the defense lawyer who knew what was going to the jury and who didn't object to it, right? There was no objection. So he didn't seem to think it violated the stipulation. I think he was unaware of it, as were all the parties, Your Honor. Counsel prepared it. The court, or at least the court's clerk, looked at it. It just slipped by him, I think, is what the status of the record is. Regardless of whether it's a constitutional error or a non-constitutional error, or maybe not an error at all, why wouldn't any error be harmless beyond a reasonable doubt on this record where he has his statement to the arresting officer and there really doesn't seem to be a question about this being a firearm? If you apply the factors in the Dixon test, it certainly seems to comply with them. It wasn't cumulative. It was introduced at an early stage of the proceedings. The jury clearly spoke about it. You go through the factors as we did in the brief. It seems to satisfy the harmless error standard. But given the nature of the evidence at the case, if you look at purely the evidence and the strength of the evidence, I don't think there's factors sufficient. But I think... When you say it satisfies a harmless error test, you mean it was harmless or it wasn't harmless? It wasn't harmless. So applying the factors, it seems to comply. The court only once gave a limiting instruction early on that the indictment's not evidence. It's as the jury said. Don't we presume that the jury follows the instructions? Most of the cases, Your Honor, that I read, there were repeated instructions by the court that the indictment's not evidence. This happened just once at the... Is there some case that establishes a rule that in order to be presumed followed, an instruction has to be given more than once? No, there is not, Your Honor. But the prejudicial nature of the information that was submitted to the jury is just so overwhelming that I think it over... The fact that there's one instruction that says the indictment is an evidence, perhaps that's a distinction that the jury doesn't even make, the distinction between the indictment and the exhibits. This document came into the jury room. It contained very prejudicial information. They talked about it and they admitted that it affected their deliberations. This indictment was the actual indictment in the case, right? It was the redacted amended first superseding indictment. It was the operative document. It wasn't that... I originally thought when I was reading the briefs that it was an old superseded document, but it isn't. It's the actual document. It is. The actual governing indictment. It had been changed once on unrelated matters and then an account had been redacted, but it was the indictment. So that seems like an odd thing to call extrinsic. I mean, isn't it usual that the jury gets the indictment? It is usual. It's up to the discretion of the judge. Doesn't have to be introduced in evidence. It does not, Your Honor. But again, the Jeffries case... What's extrinsic about it? It's the extraneous nature of it. That it was agreed that it wouldn't come in. And the Jeffries case, which I think was an en banc decision of this court, made it clear that the deciding factor is the nature of the information, not whether it's extrinsic or intrinsic. I think that distinction has been dissipated by focusing on the nature of the information. And if the Court has no further questions, I'll submit. I don't believe that we do. Thank you. May it please the Court, Carrie Curtis Axel on behalf of the United States. I think the Court has the issues in mind, but the government would submit that there are essentially three issues here. And the first is the one that the Court has raised. Was there a violation of the Constitution here? Is there constitutional error? And it's the government's position that there was no constitutional error for the reasons that Your Honors have touched on. That there's something different and not extrinsic about an indictment, which by its very nature contains allegations, as opposed to the other cases such as Jeffries that dealt with some information coming from a juror or a bailiff through the back door into deliberations. So that's our first point. The second point is that a defendant here cannot meet his burden to show that his substantial rights were affected. And here I need to be clear about a point that I think is not clear in our briefs, which is we submit that the plain error standard applies here, Your Honor, and that that standard applies whether or not the Court looks at this as constitutional error or whether the Court merely finds an abuse of discretion, perhaps, in submitting the indictment to the jury. And because defendant had two bites at the apple to object and did not object, the Court should apply plain error review. Why two? The trial memorandum that was submitted at the beginning of the trial actually attached the, it wasn't precisely the same, but in effect was the same. The operative indictment, it was called, I think, the redacted indictment versus later it was called the amended indictment.  Attached to the trial memorandum for the Court's need should, in fact, this situation arise where the Court decided to submit an indictment to the jury. And there was nothing said about that from the defendant before trial. I would point the Court to- What was that before or after the stipulation? Functionally, Your Honor, I am not sure. The trial memorandum was immediately before trial. The stipulation was introduced in evidence at the very beginning. I'm not sure about the filing dates when that took place. Did you read the stipulation as an agreement not to submit the indictment? I don't think that that was in the stipulation, Your Honor. However, under Old Chief, I think we simply could not, having stipulated, then I think it was an abuse of discretion then to submit the indictment to the jury without redacting the particular allegation. But no, I don't read the stipulation itself so broadly. I think the record is clear that it was a mistake on all parts. I would point the Court to, in the record, GER 23, which is that trial memorandum. And then the second opportunity is, of course, when counsel reviewed the exhibits, including the redacted amended indictment, before it went back to the jury. And at that point, defense counsel did not object. So accordingly, we would submit the Court should apply in plain error review. The function of that is the burden is then on defendant and not the government to prove that his substantial rights were affected. And the fourth prong of Alano also should figure in the Court's analysis here. And the third point, then, is that whether the burden is defendant's or whether the burden is the government's, the verdict was affected or could reasonably have been affected by these extraneous allegations. And the government there would submit that the answer is no. And indeed, Your Honor, regardless of whose burden it is, or whether or not there's constitutional error, the government would submit the jury could have reached no other possible verdict on the 922G count, the felon in possession count. Because on that count, defendant did not have a legally valid defense. The jury only had to find that he possessed one gun. He admitted to physically possessing all of the guns. And with respect to the .45 caliber pistol, he said he attempted to raise a legal point that he didn't believe that he possessed it because he held it as collateral for a loan. That was defense counsel's argument at closing. And that simply is legally invalid. The jury correctly rejected it. And so especially as to the 922G count, which is the first count, the government would argue there's simply no way whoever bears the burden, there was no way for the jury to reach any other result. As to the second count, we would acknowledge it's a closer case. And that's the count that pertained to the pen gun. And the operative issue there was whether or not defendant knew it was, in fact, a gun. He admitted to knowing it, knowing that he possessed it. And the government still would submit that the case there is overwhelming as the district court so found. But we would acknowledge there's a difference between the two counts. Is there a picture of the pen gun in the record? That's a good question, Your Honor. Does it basically look like a pen? It basically looks like a pen. And I believe there are pictures of all of the weapons in the record. I was simply going to look back to the excerpt. But they found it. It is not. Then it would not be in the record, Your Honor, because we did put in the pictures of the guns that were in the record. And it was found in some attic with some other gun? Is that where it was found? Where was the pen gun found? In the garage, in the attic of the garage. And it was with the .22 caliber Derringer pistol. Okay. And he said something about it when they asked, when he said they were arresting him for guns. Yes. When the agent, when the ATF agent arrested the defendant and said, I'm arresting you and you're, I can't remember the precise words of the testimony, but essentially you're being charged with gun offenses. Then in that context, the defendant said, do you have the El Toro, which is the .45 caliber? And the pen gun. And do you have the pen? And yes, we argued in closing arguments that that established his knowledge that it was in fact a gun and not just a pen. He further admitted to having bought it at a swap meet and personally having chromed it. And that was also in the record as well. Okay. Okay. If the court has no further questions. I don't believe so. Thank you. Thank you. We have rebuttal time. What's your name, Mr. Young? On the constitutional issue, after the court submitted its order, I discovered a ninth circuit case, Islamia v. White, 136, fed third, 1234. It was 1998. Closely analogous situation to this. In that case, the recorded interview was admitted into evidence, unknown to everyone. There was a side two to that interview that the jury heard that was prejudicial. And the court, this court found that that was an error of constitutional dimension. And even though there had been no- That was clearly external evidence, right? That wasn't admitted. It was admitted. It was a tape recording that was admitted. It contained a side two that no one knew about, that the jury discovered and heard. And my position- It was not any intention to admit that side two as- Exactly. Just as in this case, there was no intention to admit- But it isn't- I mean, that was evidence- What strains on to me is that it wouldn't need to be admitted as evidence. Because it's the governing charging document, the indictment. So it's not like it's- There was some problem that this was not properly admitted in the trial. It didn't need to be. Am I wrong about that? Well, it's not evidence. It's the indictment. But nevertheless, it contained this information that no one picked up on, in the same way in the Islamia case that it contained a side two that no one was aware of. And the court reviewed that under the Chapman standard, even though there had been no objection. And on the prejudice, the argument that counsel made, and that the court permitted him to make, was that even if these were firearms, he didn't know that they were prohibited firearms because they were antiques. They were chromed. He bought them at a swap meet. They were collector's items. So that was the knowledge defense that he made. And so admission of evidence that he had a prior drug conviction was certainly prejudicial to that argument. Is that a legally proper defense? I mean, I thought that he needs to have- It needs to be an operable gun. So if it was an antique, meaning non-operable, then that wouldn't work. But if it was an operable gun, does it matter if it was an antique or not an antique? It does, Your Honor. I think guns before 1898, this came up briefly, are not necessarily considered muzzleloaders. Hunters use muzzleloaders. Even if they have a prior felony, they're allowed to use those. So it was a plausible defense. It certainly- the court allowed him to make it. There was debate after it about whether it had been a correct defense or a permissible defense or not. But that was the one the jury heard and that the jury deliberated on. And as counsel points out, the pen gun is certainly a closer call. And even reversal on that could result in a lesser sentence for my client because he got a two-level enhancement for having three guns. Reversal on that would reduce that to two-level and arguably result in a lower sentence. Counsel, the case that you just cited, was that in your brief? It was not, Your Honor. Would you write it down on a piece of paper and give it to Ms. Garuba, the deputy clerk, so that she can give it to all of us? I will, Your Honor. Thank you. I'll submit. The case just argued is submitted and we will move to the next case.
judges: Hall, Graber, Berzon